IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO LOZANO, | : | No. 3:06cv1586 |
| CARLOS FUENTES, | : | |
| HUMBERTO HERNANDEZ, | : | (Judge Munley) |
| ROSA LECHUGA, | : | |
| JOSE LUIS LECHUGA, | : | |
| JOHN DOES 1-4, | : | |
| JANE DOES 1-2, | : | |
| JOHN DOE 5, A MINOR, BY HIS PARENTS, | : | |
| JOHN DOE 6, A MINOR, BY HIS PARENTS, | : | |
| JANE DOE 3, A MINOR, BY HER PARENTS, | : | |
| JANE DOE 4, A MINOR, BY HER PARENTS, | : | |
| BRENDA LEE MIELES, | : | |
| CASA DOMINICA OF HAZLETON, INC., | : | |
| HAZLETON HISPANIC BUSINESS ASSOCIATION, and | : | |
| PENNSYLVANIA STATEWIDE LATINO COALITION, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF HAZLETON, | : | |
| Defendant | : | |

## **MEMORANDUM**

In this case, the plaintiffs challenge several ordinances enacted by Defendant City of Hazleton. A number of the plaintiffs proceed anonymously as John or Jane Does (hereinafter "Doe plaintiffs"). During depositions, an issue arose as to whether the Doe plaintiffs were required to reveal their identities or immigration status. Before the court for disposition is the plaintiffs' request for a protective order allowing the Doe plaintiffs to refrain from disclosing information revealing their identity or immigration status. Defendant opposes the request.

The Third Circuit Court of Appeals has explained the analysis of limits on discovery as follows:

> The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26, which provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). . . . Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). . . .
>
> [A] party may petition the court for a protective order that limits discovery in accordance with Rule 26(c). The court, in its discretion, is authorized by this subsection to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests-including privacy and other confidentiality interests-that might be harmed by the release of the material sought.

Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).

Additionally, Rule 26 provides that the court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. PRO. 26(b)(2).

A party seeking a protective order must demonstrate "good cause" for its issuance. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). "'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir.1984)). In order to determine if good cause exists, a balancing test is used that weighs the harm of disclosing the information versus the need for the information. Id. at 787. Thus, we must balance the burden of the proposed discovery against its likely benefit.

Plaintiffs seek the protective order because certain Doe plaintiffs fear

the potential consequences of disclosing their identities and immigration status and may decide not to continue with the suit if they are forced to reveal the information.  According to the plaintiffs, the express purpose of the ordinances at issue is to rid the town of illegal immigrants.  They fear that the ordinances will render them homeless and jobless.  Hence, plaintiffs argue that they have legitimate fears regarding revealing their identities.  Plaintiffs further argue that a protective order would encourage the Doe plaintiffs to proceed with the litigation and allow them to defend their alleged constitutional and statutory rights.  Plaintiffs assert that the evidence at issue carries limited relevance, if any.

Defendant raises several areas of concern.  Granting the protective order, they argue, would make it impossible for them to assess plaintiffs' standing and would allow the plaintiffs to continue a "shell game" of switching the identity of unnamed Does.[1]  We find no merit to these contentions, and we will address them *in seriatim.*

**Standing**

Defendant claims that it needs the information in order to support its argument that the plaintiffs lack standing and to determine if the ordinances at issue will cause injury to the Doe plaintiffs.  We are not convinced.

---

[1]Defendant also asserts that granting the protective order would be contrary to every judicial precedent on this issue.  We disagree.  In fact, plaintiffs have been allowed to proceed anonymously even in the United States Supreme Court.  See Plyler v. Doe, 457 U.S. 202 (Illegal aliens proceeding anonymously successfully brought a constitutional challenge to a Texas law denying certain free public education to illegal aliens).  However, no controlling precedent on point was cited by the parties, and our research has revealed none.

In a motion to dismiss, the defendant has challenged, *inter alia*, the standing of the plaintiffs to bring suit on the basis that illegal aliens do not have standing to sue.  Apparently, they seek to question the plaintiffs to determine if they are illegal and therefore, according to the defendant, lack standing.  Plaintiffs' verified amended complaint admits that certain plaintiffs are in fact not in the country legally.[2]   As the plaintiffs admit this

---

[2] With regard to the John and Jane Doe plaintiffs, the Amended Complaint asserts that Plaintiff John Doe 1 is a tenant who resides in Hazleton.  Though he has resided in the United States of America for nearly twenty years, he is originally from Mexico. (Doc. 29, ¶ 23).   His father, a United States citizen, has petitioned federal immigration officials to grant John Doe 1 and his wife legal residency. (Id. at ¶ 24).  John Doe 1's three school-age children are all United States citizens. (Id.)  He has not been ordered to leave the United States by immigration authorities, but fears he will have to leave Hazleton if the ordinance operates. (Id.).

John Doe 2 and Jane Doe 2, originally from Mexico, are husband and wife and have lived in the United States for seven years. (Id. at ¶ 26).  They have four children of school age. (Id.)  Only the youngest child in the family is a United States citizen. (Id. at ¶ 27).

John Doe 3 is originally from Mexico; while he and his wife are not citizens or lawful residents of the United States, both their children are. (Id. at 29).

John Doe 4 is originally from Mexico. (Id. at 30).  He and his wife have three children, all of whom are United States citizens. (Id. at 30-31).  He has an approved family petition. (Id. at ¶ 31)

Jane Doe 1 is from the Dominican Republic and overstayed her six-month visa issued in 2000. (Id. ¶ 33).  Her husband is a lawful permanent resident, and he filed a permanent residency petition in her behalf in 2003. (Id. at ¶ 34).  She left him because he was abusive, however, and he withdrew his petition to support her and filed for divorce. (Id. at ¶ 35).  In February 2006, she petitioned for a change in status under the Violence Against Women Act, and has received confirmation of its receipt. (Id. at ¶ 36).  She has two young children who are United States citizens. (Id. at ¶ 37).  Jane Doe 1 has no proof of citizenship or

fact, it is not in controversy.  In other words, to the extent that the information is relevant to the defendant's standing argument, it is admitted by the plaintiffs.

**Substituting Does**

Defendant also argues that providing the information at issue will prevent the plaintiffs from substituting others, who are not currently plaintiffs, as the unnamed Does.  According to the defendant, the Amended Complaint contains different Does from Does found in the original Complaint, and that this substitution somehow evinces a strategy on the part of the plaintiffs to continue substituting parties.  We find this argument unconvincing.

The fact that the Does may have been changed from the Complaint to the Amended Complaint does not indicate that the plaintiffs are engaging in some type of abuse of the judicial process.  In fact, it does not raise any concern at this juncture as the identities were changed in an Amended Complaint which superceded the original complaint.  See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002)(noting that an amended complaint supercedes the original).

If, in the future, the defendant finds that some type of serious abuse occurs with regard to switching the identities of the Does, it may raise the issue with the court at that point.

---

residency.  (Id. at ¶ 38)(note, from the allegations, it is clear that the complaint refers to Jane Doe 1, but inadvertently calls her "Jane Doe 2").

John Does 5-6 and Jane Does 3-4 are minor, school-age children who live with their parents in Hazleton. (Id. at ¶ 40).  Their parents are not citizens or lawful permanent residents.   (Id. at ¶ 40).

5

**Conclusion**

Accordingly, we find that the defendant has no need for the information at issue. We balance this lack of need against the plaintiffs' fears of the consequences of revealing the information. We find that the Doe plaintiffs may legitimately fear removal from the country and separation from their families if they reveal their identities. Moreover, according to the plaintiffs, public identification of the Does in this case, which has been highly publicized, would cause the plaintiffs to become targets of intense anti-immigrant and anti-Latino sentiment. Those fears may cause them to abandon this suit that seeks to vindicate their allegedly substantial constitutional and statutory rights. It is important in balancing the defendant's need against the burden on the plaintiffs to bear in mind that this case involves the constitutional and statutory rights asserted by the plaintiffs with regard to certain ordinances. This case is not an action to enforce United States immigration laws. Plaintiffs' interest in keeping this information confidential outweighs the defendant's need for it, and the request for a protective order will be granted. See, e.g., Zeng Liu v. Donna Karan Internat'l, Inc., 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) (holding that plaintiff's immigration status need not be disclosed because to do so, even if the parties agreed not to disclose the information, would create "'the danger of intimidation, the danger of destroying the cause of action,' and would inhibit plaintiffs in pursuing their rights.") (quoting Ansoumana v. Gristede's Oper. Corp., No. 00 Civ. 0253 (AKH) (S.D.N.Y. Nov. 8, 2000)). An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PEDRO LOZANO,** | : | No. 3:06cv1586 |
| **CARLOS FUENTES,** | : | |
| **HUMBERTO HERNANDEZ,** | : | (Judge Munley) |
| **ROSA LECHUGA,** | : | |
| **JOSE LUIS LECHUGA,** | : | |
| **JOHN DOES 1-4,** | : | |
| **JANE DOES 1-2,** | : | |
| **JOHN DOE 5, A MINOR, BY HIS PARENTS,** | : | |
| **JOHN DOE 6, A MINOR, BY HIS PARENTS,** | : | |
| **JANE DOE 3, A MINOR, BY HER PARENTS,** | : | |
| **JANE DOE 4, A MINOR, BY HER PARENTS,** | : | |
| **BRENDA LEE MIELES,** | : | |
| **CASA DOMINICA OF HAZLETON, INC.,** | : | |
| **HAZLETON HISPANIC BUSINESS ASSOCIATION, and** | : | |
| **PENNSYLVANIA STATEWIDE LATINO COALITION,** | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF HAZLETON,** | : | |
| Defendant | : | |

## PROTECTIVE ORDER

**AND NOW**, to wit, this 15th day of December 2006, the plaintiffs' request for a protective order is **GRANTED** as follows:

The John or Jane Doe Plaintiffs in this proceeding do not have to produce, or otherwise respond to discovery requests seeking disclosure of, "Protected Material", i.e., those documents, things, information and testimony containing information about their immigration status, actual residence, or place of work that would allow someone to identify them or their immigration status. If a John or Jane Doe plaintiff invokes this order

as a basis to withhold certain material, defendant retains the right to object to said withholding. It is expected that, at this point in the discovery process, the parties will be able to resolve such disputes between themselves without court intervention.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**