# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PEDRO LOZANO,** | : | No. 3:06cv1586 |
| **HUMBERTO HERNANDEZ,** | : | |
| **ROSA LECHUGA,** | : | **(Judge Munley)** |
| **JOSE LUIS LECHUGA,** | : | |
| **JOHN DOE 1,** | : | |
| **JOHN DOE 3,** | : | |
| **JOHN DOE 7,** | : | |
| **JANE DOE 5,** | : | |
| **CASA DOMINICA OF HAZLETON, INC.,** | : | |
| **HAZLETON HISPANIC BUSINESS ASSOCIATION, and** | : | |
| **PENNSYLVANIA STATEWIDE LATINO COALITION,** | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF HAZLETON,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court are various motions in limine in the instant case. The matters have been briefed and are thus ripe for decision.

**I. Background**

This cases arises out of the passage by Defendant City of Hazleton, Pennsylvania ("The City") of a series of ordinances designed to limit the impact of illegal immigrants on the city. Plaintiffs filed suit on August 15, 2006, seeking an

injunction that would prevent enforcement of the ordinances (Doc. 1) on constitutional grounds. On October 31, 2006, we granted plaintiffs' request for a Temporary Restraining Order prohibiting enforcement of the ordinances until we reached a conclusion on the injunctive motion (Doc. 35). Trial in this matter is scheduled to commence on March 12, 2007.

We will examine each of the parties' motions in turn.

## I. Defendant's Motions

### A. Motion to exclude evidence regarding any unidentified members of association plaintiffs

The defendant seeks to prevent the introduction of testimony regarding the effects of the immigration ordinances on unidentified members of the associations who are plaintiffs in the case (Doc. 92). Defendant alleges that the designees of these organizations during depositions refused to provide the names of past and present members of the various associations who had been effected by the ordinances. These refusals, defendant contends, have prejudiced the defendant's case by making it impossible for defendant to investigate the impact of the ordinances, the issue at the heart of the case. Preclusion of testimony about these unidentified individuals, defendant insists, should result from this refusal to provide names. Plaintiffs contend that defendant sought privileged information from the organizations' membership lists, and that they were not required to provide such information. In addition, plaintiffs claim, they provided defendant with the names of

organization members impacted by the ordinances, and made them available for deposition. Plaintiffs declaim any intention to call unidentified witnesses, and argue that any attempt to exclude testimony of such witnesses until they are called would be premature.

We agree with the plaintiffs because we find that the exclusion of testimony from unidentified members of the organizations in question would be premature. In order to preclude testimony from parties not identified during depositions as a discovery sanction, a court must consider several factors: "Along with the importance of the excluded testimony," a court examines "the prejudice or surprise in fact to the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with the district court's order." Quinn v. Consolidated Freightways Corp., 283 F.3d 572, 577 (3d Cir. 2002). We do not at this point know whether such any witnesses may be called, nor do we know the circumstances of why those witnesses have not yet been identified. Defendant has not pointed to any specific potential witness whose testimony should be excluded. Instead, defendant appears to complain that the City was unable to use plaintiff organizations' membership lists in discovery, though the defendant does not provide argument to dispute plaintiffs' claims that such material is privileged. We do not possess information necessary to weigh these factors in

3

relation to witnesses not named and are unable to make a determination about whether the circumstances of plaintiffs' refusal to identify that particular witness justify preclusion. We will accordingly deny the defendant's motion as premature.

**B. Motion to preclude testimony and evidence about the immigration status of John Doe 1**

Defendant seeks to exclude any testimony or evidence about the immigration status of Plaintiff John Doe 1 (Doc. 94). Defendant claims that John Doe 1 has placed his immigration status at issue in the litigation and cannot testify about that status without first allowing defendant the opportunity to assess the value of his claims. John Doe 1, citing his anonymous status, had refused to respond to two interrogatories seeking documentation on his citizenship or nationality status. His response, however, had promised to produce "responsive, non-privileged documents" on the matter. Plaintiff Doe did not produce this material, nor did he provide a privilege log to document the information he refused to turn over. Defendant contends that failure to turn over this information, which defendant insists would have been covered by a confidentially agreement, justifies sanctions from the court. Defendant also points to Plaintiff Doe's statement at his deposition that he believed he had become a permanent resident and argues that this statement means Doe no longer has standing in this court. Plaintiffs argue that this Court's order of December 15, 2006, which allowed the Doe plaintiffs in the case to refrain from disclosing information and documents disclosing their identities justified Plaintiff

4

Doe's refusal to turn over the requested documentation and makes a sanction unjustified. They agree, however, not to introduce documents pertaining to Doe's immigration status at trial. Plaintiffs also argue that Doe's testimony about his immigration status–much less his own knowledge of that status–is far from clear. Since defendants have a right to recall Doe for another deposition, no prejudice exists from the current state of affairs.

We exclude evidence rarely, since "exclusion of critical evidence is an 'extreme' sanction, [citation omitted], not normally imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977). On this matter, we note that the court has previously issued an order allowing the John and Jane Doe plaintiffs to maintain their confidentiality while pursuing their suit for injunctive relief. Defendant's motion seems partly aimed at convincing us to reconsider our decision concerning the need for the anonymous plaintiffs to turn over specific information about their immigration status; we concluded that documentation about the anonymous plaintiffs' immigration status was not necessary to resolve the issues presented by the case. Defendants now seek exclusion of a plaintiff partly because he has not provided such information. A motion in limine is not a proper forum for reconsideration of that decision.

We find, however, that Plaintiff Doe has not clearly alleged, either in the complaint or in his deposition, that he is not a legal resident of the United States. In

the second amended complaint, Doe states that he is "a tenant and resident of Hazleton." (Second Amended Complaint at ¶ 18). He also alleges that he has lived in the United States for more than twenty years and that he was born in Mexico. (Id.). He makes no assertion as to whether he is a legal resident or not. In his deposition, Plaintiff Doe 1 also failed to state that he was in the United States without legal sanction. In fact, Doe explained that his father had filed an application that would have granted him legal residency and that the application had been "approved." (See Deposition of John Doe 1, attached as Exhibit B to Brief in Support of Defendant's Second Motion in Limine (Doc. 94) at 25). At the same time, however, Doe asserted that "the United States Government can tell me that I should leave this country," and that he could not provide information on his legal status "because I don't know very much. I only know what my lawyer has told me." (Id. at 26, 25).

If Doe does not claim he is in the country illegally, he would not be covered by our protective order and would be required to turn over documents verifying his status. We find the matter of Doe's assertions about his citizenship to be confused and unclear, however, and therefore find that dismissing him from the case or ordering production of all documents pertaining to his immigration status would at this point be premature. Instead, we order John Doe 1 to produce any evidence in his possession that establishes he is a legal resident of the United States. Failing to do so could lead to sanctions for violations of the discovery rules. Thus, the motion

will be granted to the extent discussed above, and denied in all other respects without prejudice[1].

## C. Motion to preclude testimony of plaintiffs' expert witness, Stephen Yale-Loehr

Defendant seeks to exclude testimony from one of plaintiffs' expert witnesses, Stephen Yale-Loehr (Doc. 96). Defendant argues that this expert's testimony should be excluded because Professor Yale-Loehr proposes to provide a legal opinion to the court, and would therefore exceed the role provided for an expert in the Federal Rules of Civil Procedure. They point to several paragraphs of the expert report which contain legal conclusions about whether Hazleton's ordinances trespass on federal authority over immigration. Plaintiffs respond that defendant misstates the role of an expert witness in a bench trial, and that as an expert in the complex field of immigration law his testimony would be relevant and helpful to the trier of fact in reaching a proper conclusion in the case. Further, the defendant did not depose the expert, and plaintiffs contend that the City therefore cannot challenge his qualifications.

We will deny this motion. Defendant correctly notes that an expert witness generally may not provide legal opinions, though courts appear to be more concerned about an expert who presents legal conclusions to a jury rather than to a

---

[1] For clarification, the motion is granted to the extend that John Doe 1 is required to produce any documents in his possession that establish he is a legal resident of the United States.

7

judge.  See United States v. Leo, 941 F.2d 181, 196 (3d Cir. 1991) (finding that "it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury.").  An expert witness may, however, be used by the finder of fact to help unsnarl complicated factual issues.  Federal Rule of Evidence 702 provides, in pertinent part, that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" a fully qualified expert may testify.  See also United States v. Velasquez, 64 F.3d 844, 849 (3d Cir. 1995) (recognizing "the 'strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact' which is embodied in the Federal Rules of Evidence'" [citations omitted] and noting that "Rule 702, which governs the admissibility of expert testimony, specifically embraces this policy.").  The plaintiffs propose to have Professor Yale-Loehr, a leading authority on federal immigration law,  to help explain to the court the intricacies of the federal immigration system.  Defendant does not dispute Prof. Yale-Loehr's qualifications, but only the subject of his testimony.  While any legal conclusions from Mr. Yale-Loehr about whether Hazleton's ordinances violate the Constitution would be inappropriate, we agree with the plaintiffs that testimony about the nature and extent of federal immigration law–a large and complex body of doctrine–would help us to reach our own decision about the constitutionality of the ordinances.  Additionally, any determination that Professor Yale-Loehr's testimony would offer inappropriate legal conclusions is premature.

**D. Motion to preclude witness testimony and evidence**

Defendant seeks to exclude the testimony of witnesses and evidence and exhibits not identified by the plaintiffs in answer to interrogatories (Doc. 98). Defendants submitted interrogatories prior to the close of discovery. The interrogatories asked the plaintiffs to identify all witnesses, evidence and exhibits they intended to use at trial. Plaintiffs responded that they had not identified who they would call or what evidence they would use, but promised to supplement their answers as required by the Federal Rules of Civil Procedure. The plaintiffs did not supplement their answers before the close of discovery, and defendant contends that this failure should preclude the calling of witnesses not previously identified. Plaintiffs respond that defendants had knowledge of the witnesses and evidence they intended to use through the discovery process, and that they had supplemented their interrogatories as promised, before filing a response to the instant motion.

We will deny this motion. We find no credible claim of prejudice related to this alleged delay in supplementing plaintiffs' answers to defendant's interrogatories. In any case, the plaintiffs have now answered the interrogatories, making extreme sanctions for failing to provide answers inappropriate. This delay, which plaintiffs have cured, does not justify the "extreme sanction" of excluding critical evidence. Meyers, 559 F.2d at 905.

**E. Motion to exclude trial testimony of Rodolfo Espinal regarding his former tenants**

9

Defendant seeks to exclude the testimony of Rodolfo Espinal regarding former tenants of his rental property (Doc. 100). At his deposition, Espinal had testified that a former tenant had left after the City passed anti-illegal immigrant ordinances. He refused to answer questions from defense counsel about the identity of this former tenant.

Plaintiffs do not oppose this motion; accordingly, we will grant it.

**F. Motion to dismiss claims of Humberto Hernandez or, in the alternative, to preclude his testimony**

Defendant seeks to dismiss plaintiff Humberto Hernandez from the case, or at least to preclude him from testifying (Doc. 102). Hernandez is a named plaintiff, defendant points out, and has asserted a number of claims against the City. Despite his involvement in the case, the City claims it has been prevented from taking the defendant's testimony. Defendant attempted on several occasions to schedule a deposition for Mr. Hernandez, and each time plaintiff cancelled the deposition. Defendant insisted that a scheduled deposition take place; neither Plaintiff Hernandez or his attorney appeared on the scheduled date. Mr. Hernandez's attorney eventually informed the defendant that she could not schedule a deposition for her client before discovery closed, because she did not feel he was mentally or emotionally able to undertake such a proceeding. This unwillingness to undergo a deposition, defendant claims, compels this court either to dismiss plaintiff Hernandez from the case or to prevent him from testifying in the upcoming trial. Plaintiff

10

disputes the facts alleged by the defendant in relation to scheduling difficulties for the deposition, alleging that defendant scheduled a deposition for a time defendant knew plaintiff could not attend, sent an attorney who had not entered an appearance in the case, all in an effort to support a claim that Plaintiff Hernandez had refused to attend the scheduled deposition.  Plaintiff also contends that his father's death had left him unable to participate in a deposition before discovery closed, but that he remains available for deposition today.  Plaintiffs claim they have granted a similar courtesy to a defense witness who did not become available until after discovery closed.

We agree with the plaintiff that dismissing Plaintiff Hernandez from the case at this point would be premature.  To this point, plaintiff's failure to appear for a deposition has largely been the result of family tragedy, miscommunication between the parties, and plaintiff's illness related to his father's death.  None of these circumstances demonstrate the "flagrant bad faith" required to justify dismissal as a sanction, nor do they meet the factors considered by the Third Circuit for judging the appropriateness of sanctions.  See Ali v. Sims, 788 F.2d 954, 958 (3d Cir. 1986) (reversing discovery sanctions because failure to respond to interrogatories was the result of a long delay in the case and a change in defense counsel, not "flagrant bad faith."); Id. at 957 (listing the factors for judging whether to exclude testimony as: "(1) the extent of the plaintiff's personal responsibility; (2) a history of dilatoriness; 3) whether the attorney's or party's conduct was willful or in bad faith; 4)

11

meritoriousness of the claim (i.e. whether the allegations in the pleadings support recovery; 5) prejudice to the other party; and 6) appropriateness of alternative sanctions.") . The parties are ordered to schedule a deposition of this plaintiff at their earliest convenience. Defendant may have cause to renew its motion if Mr. Hernandez refuses to make himself available for examination in a timely fashion.

## II. Plaintiffs' Motions

### A. Motion to preclude any testimony about the impact of illegal aliens on education, healthcare and public services

The plaintiffs move to exclude any evidence concerning the impact of illegal aliens on education, healthcare and public services (Doc. 104). These impacts provided the stated rationale for the City's immigration-related ordinances. Plaintiffs argue that defendant has not produced any evidence to support claims that illegal immigration has depleted City resources for education, healthcare and public services, and has instead relied on "conjecture" and "speculation" to make their argument. Because of this lack of specific evidence, plaintiffs argue, any testimony on the impact of illegal immigrants would lack the foundation in personal knowledge required of competent witnesses and should be excluded. The City responds that the testimony of defense experts will provide the necessary foundation for testimony on the impact of illegal immigration, and that the testimony of Mayor Louis Barletta also provided a factual foundation for this claimed impact. Further, defendants claim, Mayor Barletta's testimony about what he believed to be the impact of

12

immigrants on the City is relevant, since it helps explain why the City passed its ordinances.

We will deny this motion.  While we recognize that the testimony of each lay witness in the case must be based on that witnesses' personal knowledge, we also recognize that competent testimony can be provided by witnesses about what they have seen, heard and experienced, even when they cannot reduce that testimony to neat statistical categories.  See Fed. R. Evid. 602 (establishing that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  In addition, we recognize that Mayor Barletta's testimony about events that convinced him of the need for ordinances aimed at illegal immigration are relevant to the City's motivation for passing the ordinances, even if we were to conclude that the Mayor was mistaken in his reading of the facts.  See Fed. R. Evid. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence.").  We will weigh the relevancy and foundational sufficiency of each witness's testimony in turn.  The duty of the factfinder, after all, is to assess the value of the evidence and the credibility of witnesses.  We find that it would be premature and too sweeping to conclude that defendant cannot provide any foundation of personal knowledge for testimony about the impact of illegal immigration on city finances and services in Hazleton.

13

**B.  Motion to preclude the testimony of defendant's expert witnesses, George Borjas and Jared Lewis**

The plaintiffs' move to preclude the testimony of Jared Lewis and George Borjas, experts for the defendant (Doc. 105).   They argue that the City failed to provide timely notice of these experts, supplying the plaintiffs with Dr. Borjas's expert report and curriculum vitae on February 2, 2007, four days before discovery closed in this matter, and with Jared Lewis's expert report on February 6, 2007, the day discovery ended.  This delay in disclosure, plaintiffs contend, prevented them from composing a successful challenge to the contents of the reports and the qualifications of the experts.  Plaintiffs accuse the defendant of engaging in "dilatory tactics," pointing out that Jared Lewis's report was dated December 8, 2006.  Plaintiffs also argue that the reports fail to include information about the experts' qualifications required by Federal Rule of Civil Procedure 26(a)(2)(B).  Plaintiffs also claim the reports are irrelevant because they do not adequately address the issues at dispute in the case but make general statements about the impact of immigrants on crime and economic conditions.  Defendant responds that delays in disclosing the expert reports were both justified and harmless to the plaintiffs.  The need for such experts, defendant argues, did not become apparent to defendant until discovery had begun.  Defendant also contends that no harm to the plaintiffs occurred from the delays, since the information was provided well in advance of trial and defendant offered plaintiffs an opportunity to depose the witnesses.  Defendant also disputes

14

plaintiffs' argument that the experts' reports lack necessary information and are irrelevant to the case.

Federal Rule of Civil Procedure 37(c)(1) provides that "a party that without substantial justification fails to disclose information required by [Rule 26(e) or amend such disclosures] is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." We agree with the defendant that plaintiffs were not prejudiced by delays in providing the expert reports, and that the failure to provide the information earlier was harmless. Those reports were provided well in advance of the trial date, giving plaintiff ample time to prepare for cross examination of the witnesses or to engage an expert to counter defendant's witnesses. Defendant has supplemented the expert reports, providing signatures and information about qualifications left off the previous reports. The failure to provide this information earlier caused no prejudice to the plaintiffs. We also find the experts' testimony, on the effect of illegal immigration on crime and economic conditions, to be relevant to the case, since they relate to defendant's stated reasons for passing the immigration ordinances. Therefore, whatever our ultimate view of the usefulness of this testimony, we find that it meets the standards of relevancy and reliability required by the courts. As with the other expert testimony in the case, we will rely on the parties to expose any deficiencies in these expert opinions, noting that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are

the traditional and appropriate means of attacking shaky but admissible evidence."

Daubert v. Merrel Dow Pharm., Inc., 509 U.S. 579, 596 (1993).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PEDRO LOZANO,** | : | No. 3:06cv1586 |
| **HUMBERTO HERNANDEZ,** | : | |
| **ROSA LECHUGA,** | : | (Judge Munley) |
| **JOSE LUIS LECHUGA,** | : | |
| **JOHN DOE 1,** | : | |
| **JOHN DOE 3,** | : | |
| **JOHN DOE 7,** | : | |
| **JANE DOE 5,** | : | |
| **CASA DOMINICA OF HAZLETON, INC.,** | : | |
| **HAZLETON HISPANIC BUSINESS ASSOCIATION, and** | : | |
| **PENNSYLVANIA STATEWIDE LATINO COALITION,** | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF HAZLETON,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit this 27th day of February, 2007:

1) The defendant's motion to exclude evidence regarding any unidentified members of association plaintiffs (Doc. 92) is hereby **DENIED**;

2) Defendant's motion to preclude testimony and evidence about the immigration status of John Doe 1 (Doc. 94) is **GRANTED** to the extent discussed in the accompanying memorandum and **DENIED** in all other respects;

17

3) Defendant's motion to preclude the testimony of plaintiffs' expert witness, Stephen Yale-Loehr (Doc. 96) is hereby **DENIED**;

4) Defendant's motion to preclude witness testimony and evidence (Doc. 98) is hereby **DENIED**;

5) Defendant's motion to exclude trial testimony of Rodolfo Espinal regarding his former tenants (Doc. 100) is hereby **GRANTED**;

6) Defendant's motion to dismiss claims of Humberto Hernandez or in the alternative to preclude his testimony (Doc. 102) is hereby **DENIED**;

7) Plaintiffs' motion to preclude testimony about the impact of illegal alines on education, healthcare and public services (Doc. 104) is hereby **DENIED**; and

8) Plaintiffs' motion to preclude the testimony of defendant's expert witnesses, George Borjas and Jared Lewis (Doc. 105) is hereby **DENIED**.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**