IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO LOZANO, HUMBERTO HERNANDEZ, ROSA LECHUGA, JOSE LUIS LECHUGA, JOHN DOE 1, JOHN DOE 3, JOHN DOE 7, JANE DOE 5, CASA DOMINICA OF HAZLETON, INC., HAZLETON HISPANIC BUSINESS ASSOCIATION, and PENNSYLVANIA STATEWIDE LATINO COALITION,  Plaintiffs | No. 3:06cv1586 (Judge Munley) |
| v. | |
| CITY OF HAZLETON,  Defendant | |

## MEMORANDUM and ORDER

Before the court for disposition is the plaintiffs' request to present the testimony of the Doe Plaintiffs through their depositions in lieu of testifying live in the courtroom in the trial of this matter. The parties have briefed their respective positions, and the matter is ripe for decision.

Deposition testimony is normally considered inadmissible hearsay. See, generally, FED. R. EVID. 801(c)(defining hearsay); FED. R. EVID. 802 (providing that hearsay is generally inadmissible). Federal Rule of Civil Procedure 32 provides an exception to the general rule of inadmissibility. In pertinent part Rule 32 provides as follows:

> [t]he deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: upon application and notice, that such **exceptional circumstances** exist as to make it desirable, in the interests of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

FED. R. CIV. PRO. 32(a)(3)(E)(emphasis added).

The Third Circuit Court of Appeals has indicated that testimony by way of deposition is "freely admissible" where the conditions set forth in the Federal Rules of Civil Procedure are met. <u>Derewecki v. Pennsylvania Railroad Co.</u>, 353 F.2d 436, 441 (3d Cir. 1965)(discussing former Rule 26(d)(3), the predecessor of rule 32(a)(3)(E), which is identical to rule 32(a)(3)(E) for our purposes).

The determination of whether exceptional circumstances exist is very fact sensitive and different for each case.   The Doe Plaintiffs argue that exceptional circumstances are present in the instant case to justify the use of their deposition testimony.  They assert that due to the intense media coverage this case has engendered, a significant risk is present that the identity of the Does will be revealed although we have ruled that they can proceed anonymously.  Counsel for the Doe plaintiffs have "been inundated with intensely hostile correspondence" and "hate mail threatening violence" from anti-immigrant groups regarding their representation of the plaintiffs. (Pl. Letter Brief at 3).  Thus, they are concerned that such groups may attend the trial and attempt to identify and/or harass the Does if they testify live.  Finally, the Does argue that in the event that the ordinances become effective, they face losing their homes and livelihoods by revealing themselves through this attempt to assert their alleged constitutional rights.

Defendant Hazleton argues that the depositions were taken merely for the purposes of discovery.  Defendant asserts that the Does never indicated that they planned to use the depositions at trial in lieu of live testimony; therefore, the defendant did not fully cross examine the Does and did not fully challenge their testimony and credibility.  Admitting the depositions, according to the defendant, "would be tantamount to conceding to their veracity and credibility." (Def. Brief at 4).

2

After a careful review of the positions of the parties and the depositions themselves, we will grant the Doe Plaintiffs' request. We find that situation that the Does find themselves in, as explained above, is an exceptional circumstance that makes the use of the depositions at trial appropriate. While we understand the defendant's concerns, we find that it will suffer no prejudice by the submission of the depositions. During the depositions, the defendant thoroughly cross examined the Does on the issues pertinent to this case. Moreover, defendant has not presented any specific areas relevant to the trial that they did not address at the depositions. The testimony of the Does appears to be complete for the purposes of the case. Bearing in mind that this case involves a non-jury trial, the court is confident that it will be able to make appropriate findings as to the Does' veracity and credibility by reviewing the depositions. Further, this case involves mainly legal issues as to the validity of the contested ordinances, and issues of fact will not be the predominant feature of this case. Accordingly,

**AND NOW**, to wit, this 9th day of March 2007, the Doe Plaintiffs' request to submit their depositions in lieu of testifying live at trial is hereby **GRANTED**. This motion was originally filed "For Attorney's Eyes Only" pursuant to the parties' confidentiality agreement. As the matter has been resolved, the Clerk of Court is directed to docket the plaintiffs' request and the defendant's response thereto.

            **BY THE COURT:**

            **s/ James M. Munley**
            **JUDGE JAMES M. MUNLEY**
            **United States District Court**