# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO LOZANO, HUMBERTO HERNANDEZ, ROSA LECHUGA, JOSE LUIS LECHUGA, JOHN DOE 1, JOHN DOE 3, JOHN DOE 7, JANE DOE 5, CASA DOMINICA OF HAZLETON, INC., HAZLETON HISPANIC BUSINESS ASSOCIATION, and PENNSYLVANIA STATEWIDE LATINO COALITION, **Plaintiffs** | No. 3:06cv1586 <br><br> (Judge Munley) |
| v. | |
| CITY OF HAZLETON, **Defendant** | |

## ORDER

    Before the court for disposition is the plaintiffs' motion to strike "Exhibit A" of defendant's pretrial memorandum, report of proposed expert Jan Ting and to preclude his testimony at trial. (Doc. 171). The parties have briefed their respective positions, and the matter is ripe for decision.

    On March 8, 2007, the defendant filed a "supplemental pre-trial memorandum" in which it identified a heretofore undisclosed expert witness, Jan Ting, professor of law at Temple University's Beasley School of Law. (Doc. 163). Plaintiffs move to strike Ting's expert report, and they seek to preclude him from testifying at trial. Plaintiffs assert that the disclosure of this witness comes after the deadline for expert reports and only two business days prior to the trial. Plaintiffs claim that this late disclosure is prejudicial to them. In addition, they assert that Ting's proposed testimony would not aid the court in understanding the immigration law issues in this case. According to the plaintiff, Ting lacks

practical real-world experience in immigration law and procedure and possesses strong and controversial opinions on immigration that render his report and proposed testimony unduly biased.

Defendant's position is that Ting's testimony is being presented merely as rebuttal to the testimony of plaintiffs' expert witness Stephen Yale-Loehr.  Defendant moved to preclude the testimony of Yale-Loehr, and this court denied the motion on February 22, 2007.  In denying the motion, we found that Yale-Loehr's testimony about the "nature and extent of federal immigration law - a large and complex body of doctrine - would help us to reach our own decision about the constitutionality of the ordinances." (Doc. 125 at 8).   Defendant asserts that it did not know of the need to use Ting as an expert until the court ruled that Yale-Loehr could testify.   Lastly, defendant states that Ting will not be called until late in defendant's case.[1]

After a careful review, we will deny the plaintiffs' motion.   We will accept defendant's position that it did not foresee the need for this expert until February 22, 2007, and although the expert witness was revealed on the eve of trial, this lateness will be excused.[2]   For the reasons set forth in our order of February 27, 2007, regarding Yale-Loehr's testimony, we find that Ting's testimony could be helpful to the court in understanding the immigration laws at issue in this case.  Defendant must, however, allow for

---

[1] We were advised by counsel that this trial will last approximately two weeks.

[2] Were it otherwise, and if the expert was called as more than a rebuttal witness to plaintiffs' expert, the court would not be so lenient in allowing for the expert's testimony.

the plaintiffs to depose Ting prior to his testimony and no later than Thursday, March 15, 2007.   Ting's testimony will be strictly limited to a rebuttal of Yale-Loehr's testimony.   Thus, any prejudice suffered by the plaintiffs will be kept to a minimum.   Further, we find the plaintiffs can address Ting's purported lack of expertise and bias on cross examination.  The court will then be able to determine the weight, if any, to ultimately provide the testimony.   Accordingly,

**AND NOW**, to wit, this 11th day of March 2007, the plaintiffs' motion to strike "Exhibit A" of defendant's pretrial memorandum, report of proposed expert Jan Ting and to preclude his testimony at trial.  (Doc. 171) is hereby **DENIED**.

                      **BY THE COURT:**

                      s/ James M. Munley
                      **JUDGE JAMES M. MUNLEY**
                      **United States District Court**